UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YAIMEL LAZARO JUNQUERA MALPICA,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2167

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 2.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.3.)[1] In an Order entered on July 31, 2026,

[1] In addition to filing the § 2241 petition, Petitioner also filed two motions in this action, seeking release on bond during the pendency of this case and requesting an order staying his removal. (ECF Nos. 4, 5.) As set forth in this opinion, the Court will dismiss Petitioner's § 2241 petition

the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on August 5, 2026, (ECF No. 9.)

## II. Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.2.) On June 5, 2019, Petitioner entered the United States without inspection. (Notice to Appear (NTA), ECF No. 9-1, PageID.96.)

In May 2025, a prosecutor with the Oakland County prosecutor's office charged Petitioner with second-degree retail fraud. (Police Report, ECF No. 9-5, PageID.111.)

On January 20, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 9-4, PageID.107.) DHS charged Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (*Id.*, PageID.108.)

On June 8, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 9, PageID.84.) At the conclusion of the June 8, 2026, hearing, the immigration judge denied Petitioner's request for bond, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). (Recording of June 8, 2026, Bond Hearing, at 2:19–2:25, filed on Aug. 5, 2026.)

## III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

without prejudice. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

Petitioner claims that he his detention "has become prolonged and violates the Due Process Clause of the Fifth Amendment because it is no longer reasonably related to any legitimate governmental purpose." (Pet., ECF No. 1, PageID.1.) Respondents counter Petitioner's arguments claiming that Petitioner is subject to mandatory detention under § 1226(c) because he was charged with retail fraud. (Resp., ECF No. 9, PageID.85–86.)

Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . ." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, there is nothing in the record to call into question Petitioner's 2025 retail fraud charge. Therefore, based on the record before the Court at this time, it appears that Petitioner is

subject to mandatory detention under § 1226(c).[2] Accordingly, the Court will dismiss the petition without prejudice on this basis.

## Conclusion

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).